UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION
_____

**BUILDING TRADES UNITED PENSION TRUST FUND**
and **SCOTT REDMAN (in his capacity as Trustee),**

      **Plaintiffs,**

      v.                                  Case No.  15-cv-1499

**KEVIN NOLLER CAULKING, LLC,**

      **Defendant.**
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Defendant Kevin Noller Caulking, LLC is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's violation of a collective bargaining agreement, trust plans and trust agreements, and said Defendant's continued refusal to abide by the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA §502(e)(2) (29 U.S.C. §1132(e)(2)) in that the Defendant's principal place of business is located in Washington County, Wisconsin.

## Parties

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of §§ 3(1), (2), (3), and (37), 502, and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, WI 53122.

4. Plaintiff Scott Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Scott Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

5. Defendant Kevin Noller Caulking, LLC (hereinafter "Kevin Noller") is a domestic limited liability company, engaged in business in the State of Wisconsin, with principal offices located at 1542 Scenic Road, Richfield, Wisconsin 53076. Its registered agent for service of process is Kevin Noller, 1542 Scenic Road, Richfield, Wisconsin 53076.

## Facts

6. Kevin Noller is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5),(11),(12) and (14) (29 U.S.C. §§ 1002(5),(11),(12) and (14)).

7. For all times relevant, Kevin Noller was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the BAC District Council of Wisconsin (the "Union").

8. The Labor Agreements described herein contain provisions whereby Kevin Noller agreed to make timely payments to the Plaintiff's trust funds for each employee covered by said Labor Agreements.

9. By execution of said Labor Agreements, Kevin Noller adopted the trust agreements and amendments thereof which establish and govern the Plaintiff and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

10. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Kevin Noller has agreed as follows:

a. to file monthly reports and make timely and prompt contributions to the Plaintiff Fund for each employee covered by the aforementioned Labor Agreements;

b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiff Fund pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the trustees in administering the Plaintiff Fund in accordance with the trust agreements and the rules so adopted;

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

f. to pay, in addition to contributions, liquidated damages and interest, all actual attorney's fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

11. Kevin Noller has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

a. failing to allow access to the Fund auditor to its payroll and other books and records so that the Funds can determine compliance or non-compliance with its obligations;

-4-

  b. failing to make continuing and prompt payments to the Plaintiff as required by the Labor Agreements and trust agreements for all of Kevin Noller's covered employees; and

  c. failing to accurately report employee work status to the Plaintiff.

12. ERISA § 502(g) (2), as amended by the MPPAA provides:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
>  (i) interest on the unpaid contributions, or
>
>  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

13. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

-5-

Case 2:15-cv-01499-LA Filed 12/16/15 Page 5 of 8 Document 1

14. Despite demands that Kevin Noller perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has wholly failed, neglected, omitted and refused to allow access to the Fund's auditor to determine whether Defendant has made its required payments. Kevin Noller is now indebted to the Plaintiff as follows:

**Audit Period:   January 1, 2014 to the Present:**
Building Trades United Pension Trust Fund                                                   Unknown

15. Despite demand from the Fund's auditor, Kevin Noller has denied the Fund's auditor access to books and records needed to compile an audit for the period January 1, 2014 to the present.

## Claim One Against Defendant Kevin Noller Caulking, LLC
## Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132, 1145)

16. As and for a first claim for relief against Kevin Noller, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17. Repeated demands have been made upon Kevin Noller for access to its books and records for a compliance audit, but Defendant has refused to make such arrangements as are necessary for such an audit.

18. Because, as the Plaintiffs are informed and believe, Kevin Noller has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of Plaintiff's trust funds is reduced, Plaintiff's income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently,

Case 2:15-cv-01499-LA   Filed 12/16/15   Page 6 of 8   Document 1

ERISA and Plaintiff's employee benefit plans have been violated, and the Plaintiffs are entitled to all of the remedies provided by ERISA.

19. Because Kevin Noller has failed to make timely and prompt contributions, some of the Plaintiff's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if Kevin Noller is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Kevin Noller:

    A. For unpaid contributions, interest and liquidated damages owed to the Fund for the audit period January 1, 2014 to the present;

    B. For unpaid contributions, interest and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. An order directing Kevin Noller to fully submit to an audit of the company's books and records by the Fund's designated representative for the period January 1, 2014 to the present.

3. An order requiring Kevin Noller to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of Kevin Noller's accounts receivables. With respect to each account receivable, Kevin Noller shall itemize:

  A. The amount of each account receivable.

  B. The period of time during which such receivable accrued.

  C. The location of the premises upon which the work was performed.

  D. The nature of the improvement involved for which the account receivable is due.

  E. The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

4. That the Court retain jurisdiction pending compliance with its order.

5. For such other, further or different relief as the court deems just and proper.

Dated this 15th day of December, 2015.

        s/Christopher J. Ahrens
        Christopher J. Ahrens (SBN: 1043237)
        **The Previant Law Firm, S.C.**
        1555 North RiverCenter Drive, Suite 202
        P. O. Box 12993
        Milwaukee, WI 53212
        414-271-4500 (Telephone)
        414-271-6308 (Fax)
        Email: cja@previant.com

        Attorneys for Plaintiffs